Sarah I. Cohen (SBN 257161)
**Lombard & Geliebter LLP**
230 Park Avenue, 4th Floor West
New York, NY 10169
Telephone: (212) 520-1172
Facsimile: (646) 349-5567
scohen@lgtrademark.com
*Attorney for Defendant BHRS Group, LLC*

Christopher S. Reeder, Bar No. 193041
chris@csrlawyers.com
Benjamin S. Tragish, Bar No. 292188
ben@csrlawyers.com
Demetrius X. Lambrinos. Bar No. 246027
demetrius@csrlawyers.com
**CSREEDER, PC**
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Telephone: 310-861-2470
Fax: 310-861-2476
Attorneys for Plaintiff Brio Water Technology, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BRIO WATER TECHNOLOGY, INC., a California corporation,<br><br>      Plaintiff,<br>v.<br>BHRS GROUP, LLC, a New Jersey limited liability company, and DOES 1-10, inclusive,<br><br>      Defendant | **Case No. 2:22-cv-01624-RGK-AGR**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT. |

  Plaintiff/Counter-Defendant BRIO WATER TECHNOLOGY, INC. and Defendants/Counter-Claimants BHRS GROUP, LLC (the "Parties"), hereby stipulate that the following terms in this Stipulated Protective Order ("Order") shall

govern the Parties' rights and obligations with respect to confidential information and documents that are or may be disclosed at any time during the course of Civil Action No. 2:22-cv-01624-RGK-AGR, including any disclosures that may occur by either party before the Court enters this Order, and good cause shown therefore, IT IS hereby ORDERED AS FOLLOWS:

## I. Definitions.

A. "Documents" shall mean all materials and information within the scope of Rule 34(a)(1) of the Federal Rules of Civil Procedure, written discovery requests and responses, transcripts of testimony, and pleadings, motions, briefs, and exhibits in this litigation, as well as any information copied or extracted from such Documents.

B. "Confidential Materials" are Documents, along with information contained in such Documents, that have been designated "Confidential" or "Highly Confidential Attorneys' Eyes Only" in accordance with this Order, as well as (1) any information copied or extracted from such designated materials; (2) any summaries or compilations of such designated materials; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal the contents of such designated materials. However, Confidential Materials, regardless of designation, do not include information that is in the public domain at the time of disclosure, or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public domain through trial or otherwise.

## II. Designating Documents as Confidential Material.

A. A party, including any non-party disclosing any Documents in connection with this litigation, may designate as "Confidential" any Document that the party, in good faith, contends constitutes (1) non-public or competitively sensitive technical, sales, marketing, or financial information of the designating

party; (2) private or confidential personal information; (3) information that the designating party is under a legal obligation to maintain as confidential; or (4) information which the designating party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

      B.    A party, including any non-party disclosing any Documents in connection with this litigation, may designate as "Highly Confidential Attorneys' Eyes Only" any Document that the party in good faith contends contains especially sensitive financial information, a trade secret, personally identifiable information (including without limitation any person's personal physical address, personal email, personal telephone number, social security number, passport number, driver's license number, bank account number, credit or debit card number, or login credentials), competitive commercial information, or similarly highly sensitive information, the disclosure of which would cause competitive harm to the designating party.

      C.    Such designations shall be made as follows:

        1.    For Documents produced on paper or in electronic form that preserves pagination, by marking each page, as applicable, "Confidential" or "Highly Confidential Attorneys' Eyes Only"; for Documents that are not paginated or are otherwise in a form not susceptible to marking as set forth in (1) above, by informing the receiving party of the appropriate designation in writing; and

        2.    For testimony given at a deposition, within fifteen (15) business days of receipt of the final certified transcript of the deposition, any party may designate portions of the deposition transcript as Confidential Material by notifying all Parties in writing of the specific pages and lines of the transcript that should be treated as Confidential or Highly Confidential Attorneys' Eyes Only Material. Deposition transcripts shall be treated by default as Highly Confidential Attorneys' Eyes Only until the expiration of fifteen (15) business days following the receipt of

the final certified transcript of the deposition, unless otherwise agreed to by the Parties.

    D.    Parties are not obligated to challenge the propriety of a designation of any category of Confidential Material at the time of disclosure or designation, and a failure to do so shall not preclude a subsequent challenge thereto. If a party objects to the designation of Confidential Materials, such a challenge shall be in writing and served on outside litigation counsel of record for the designating party. If the designating party is a non-party, service may be made on counsel for the non-party or an appropriate contact for an unrepresented non-party. The objecting party must specifically identify the Confidential Material that the receiving party contends should be differently designated and propose the modification or removal of the designation.

    E.    The designating party shall have five (5) business days after receiving the foregoing to object in writing to the contentions and proposal therein. Failure to object in writing within five (5) business days shall be deemed approval of the proposed removal or modification of a designation. Such modification or removal shall become immediately effective upon approval, including by failure to timely object. If the designating party timely objects, the Parties shall use their best efforts to resolve promptly and informally such disputes and shall advise on another of both the factual and legal basis for their respective positions. If an agreement cannot be reached, the dispute shall be resolved in accordance with applicable local rules. <u>A Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order in this case.</u> The burden of demonstrating the appropriateness of a designation shall at all times be and remain on the designating party. Unless otherwise resolved by agreement between the Parties, until a determination by the Court, the Confidential materials for which a designation is in dispute shall be treated as having been properly designated.

**III.   Disclosure of Confidential Materials.**

    A.   Documents designated as Confidential shall only be disclosed to the following persons:

        1.   The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, and supporting personnel employed by the legal department of any party to this litigation; and

        2.   Any person identified in Section III(B).

    B.   Documents designated as Highly Confidential Attorneys' Eyes Only shall only be disclosed to the following persons:

        1.   Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers, and litigation support personnel, to whom it is reasonably necessary to disclose the information;

        2.   Outside photocopying services, graphic design and production services, litigation support services (including electronic discovery vendors retained to assist with the organization and management of electronic discovery), and computer service personnel used by in-house counsel or outside litigation counsel of record to assist in this litigation;

        3.   Independent experts of consultants retained by in-house counsel or outside litigation counsel of record to assist in this litigation provided that (a) such experts or consultants are not presently employed by the Parties for purposes other than this litigation; and (b) before disclosing Confidential Material, designated as such by another party, to an expert or consultant, the expert or consultant must complete Exhibit A hereto.

        4.   Independent contractors engaged by counsel of record for the

Parties or in-house counsel, to the extent reasonably necessary to assist with this litigation, including but not limited to (a) legal translators retained to translate in connection with this litigation; (b) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this litigation; (c) jury consulting personnel employed or contracted by the Parties' outside counsel of record to assist in this litigation and any mock jurors; and (d) private investigators, provided that the receiving party first advises each such person or entity identified in this Subparagraph (5) that such Confidential Material is being disclosed pursuant to and subject to the terms of this Order and shall not be disclosed or used other than as set forth in this Order.

        5.    Fact witnesses, only in accordance with the provisions of Section IV herein.

        6.    The Court, its personnel, jurors, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function.

        7.    Persons who prepared, authored, received, had access to, or reviewed the Confidential Materials prior to the filing of this litigation or are shown on the face of Confidential Materials to have prepared, authored, received, or reviewed the Confidential Materials; and

        8.    Persons for whom the designating party has consented in writing, or verbally on the record, to receive the Confidential Materials.

        C.    If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Materials to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (i) notify in writing the designating party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Confidential Materials; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request that such person or persons execute the Confidentiality Agreement

attached hereto as Attachment A. Compliance with this paragraph upon the discovery of an unauthorized disclosure of Confidential Materials is mandatory and shall not excuse a violation of this Order or exempt a violating party from sanctions. Nothing in this Order shall limit any designating party's use or disclosure of its own Confidential Materials.

## IV. Limitations on the Use of Confidential Materials.

### A. Restrictions on Use of Confidential Materials

1. Documents disclosed in this litigation and designated as Confidential Material may be used only for the purpose of prosecuting or defending this litigation and for no other purposes.

2. All Confidential Materials shall be held in confidence by each person to whom it is disclosed, and such Confidential Materials and the knowledge of the existence of such Confidential Materials shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal or administrative proceeding, and shall not be disclosed to any person who is not entitled to receive such Confidential Materials as herein provided. All Confidential Materials shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Confidential Materials.

3. Confidential Materials shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the designating party or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Confidential Materials for use in connection with this litigation, and such working copies, abstracts, digests, and analyses also shall be deemed Confidential Materials under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Confidential Materials into machine-

readable form for incorporation into a data retrieval system used in connection with this litigation, provided that access to that Confidential Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

4. In the event a party files Confidential Material with the Court that another party designated as Confidential Materials, the filing party must seek leave to file such Confidential Material under seal. Any motion to seal shall comply with <u>Local Civil Rule 79-5 of the United States District Court for the Central District of California</u>. ~~The designating party shall file a brief setting forth the specific factual and legal basis and necessity for sealing under the prevailing legal standards within five (5) business days of the filing of the Confidential Material under seal by the other party.~~

5. <u>Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.</u>

B. <u>Examinations</u>

1. Except as may be otherwise ordered by the Court, any person who may be examined as a witness at depositions ~~or trial~~ may testify concerning all Confidential Materials of which such person has prior personal knowledge, or as set forth in Section III. Without in any way limiting the foregoing: (i) A present director, officer, agent, and/or employee of a producing party may be examined and may testify concerning all Confidential Materials produced by that party; (ii) a former director, officer, agent, and/or employee of a producing party may be interviewed, examined, and may testify concerning all Confidential Materials produced by that party, and which pertain to the period or periods of his or her position with the designating party, of which they have personal knowledge, including any Confidential Materials that refer to matters of which the witness has any personal knowledge; and

2. Individuals may be interviewed, be examined, or may testify

concerning any Confidential material, which appears on its face or from other Documents or testimony to have been received from or communicated to the individual as a result of any contact or relationship with the producing party or a representative of the producing party. In the event a party wishes to examine an individual concerning any Confidential Material, and that individual does not have prior personal knowledge of the Confidential Material, then the individual may still be interviewed, be examined, or testify concerning the Confidential Material, provided the designating party consents. Any person other than the individual, their attorney(s), or any person qualified to receive Confidential Material under this Order, shall be excluded from the portion of the examination concerning such Confidential Material, unless the designating party consents to the presence of such persons. If the individual is represented at the examination by an attorney who is not qualified under this Order to receive such Confidential material, then prior to the examination, the attorney must provide a signed agreement, in the form of Attachment A hereto, that they will comply with the terms of this Order and maintain the confidentiality of Confidential Material disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Confidential Material in violation of the Order.

      3.    Every fact witness shall be informed at the start of a deposition that they may be shown Documents designated as Confidential Material in this litigation, and that such Documents and the contents therein are being furnished to the witness solely for use in this litigation. No fact witness may retain any such Confidential Materials.

**V.**    **Non-Party Use of This Order.**

    A.    A non-party producing Documents voluntarily or pursuant to a

subpoena or a court order may designate such Documents as Confidential Material pursuant to the terms of this Order. After the Court has approved and entered the Order, a copy of the Order shall be included with any subpoena served in this litigation on a non-party to this litigation.

B. A non-party's use of this Order to protect its Confidential Materials does not entitle that non-party access to the Confidential Materials produced by any Party or non-party in this case.

**VI. Privilege.**

A. Each party shall identify on a privilege log any Document withheld or redacted based on the attorney-client privilege or work-product doctrine, or any other asserted privilege. Parties shall separately log each email within a chain of withheld emails. The privilege log shall include a unique identification number for each withheld or redacted Document, the basis for the claim (e.g., attorney-client privileged, work-product doctrine, or other claimed privilege), and a description of the Document that supports the basis for the claim. Each entry shall also include, to the extent applicable, the author or sender, recipients (including Parties cc'ed or bcc'ed), the subject line, document title or file name, the date of the document, and type of document (e.g., email, email attachment, loose e-document).

B. In the event that a family member (e.g., an email's attachment, or the email to which an attachment is attached) of a logged Document was produced, the log shall indicate that and the produced-family member's unique Bates number. In the event that a family member of a logged Document was also withheld, the withholding party shall identify the family members sequentially on the log and indicate the relationship between the Documents.

C. With respect to work-product information relating to the federal litigation created on or after December 21, 2021, the Parties are not required to identify such Documents on the privilege logs.

## VII. General Provisions.

### A. Notice.

Any written notice or any other writing required to be provided to a party to this litigation under this Order must be sent via email to the party's outside counsel of record in this litigation to be deemed effective.

### B. Waiver.

No action taken in accordance with this Order shall be construed as a waiver of any claim or defense in this litigation or of any position as to the discoverability or admissibility of evidence.

### C. Inadvertent or Unintentional Production of Under-Designated Confidential Materials.

Inadvertent or unintentional production of Documents containing Confidential Materials which are not designated as such at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to Documents, the designating party shall immediately upon discovery notify the other Parties and provide replacement Documents bearing the appropriate designation. Upon receipt of written notice, the receiving party shall make reasonable efforts to retrieve the Confidential Materials distributed to persons not entitled to receive it under the corrected designation.

### D. Conclusion of Litigation.

Each party shall, at the option of the designating party, either return or destroy Confidential Materials it has received within sixty (60) days after any of the following events: (i) an entry of a final non-appealable judgment or order; (ii) the expiration of the deadline for any party to appeal any final judgment or order; or (iii) the complete settlement of all claims asserted against all Parties in this litigation. If the producing party requests that Confidential Materials be destroyed, the receiving party requests that Confidential Materials be destroyed, the receiving

party must provide a certificate of destruction to the producing party within the aforementioned sixty-day period.

In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Confidential Materials received from or produced to the dismissed party.

Notwithstanding this Subsection (D), outside litigation counsel of record (i) are not required to destroy Confidential Materials that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, and (ii) shall be entitled to maintain electronic copies of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses, deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product (including email correspondence), even if such materials contain, refer, or are related to any Confidential Material, for archival purposes only.

D.  <u>Subpoenas</u>.

If at any time Confidential Materials are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party or non-party who has designated such Confidential Materials and to its counsel, and shall provide each such party with an opportunity to object to the production of such Documents. If a designating party does not take steps to prevent disclosure of such Documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such Documents in response thereto, but shall take all reasonable measures to have such Documents treated in accordance with the

terms of this Order.

  E. <u>Modification of Protections</u>.

This Order is entered without prejudice to the right of any party, either by agreement with other Parties to this action, or by applying to the Court if agreement cannot be reached among Parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order as it pertains to Confidential Material produced by the producing party even if the conduct subject to the release would otherwise violate the terms here.

  F. <u>No Agreement Concerning Discoverability</u>.

The agreed upon treatment of Confidential Materials hereunder does not reflect agreement by the Parties that the disclosure of such information is required or appropriate in this litigation. The Parties reserve their rights under the Federal Rules of Civil Procedure to argue that any particular category of Documents should not be produced.

  G. <u>Interpretation, Enforcement, and Continuing Jurisdiction</u>.

The United Stated District Court for the <u>Central District of California</u> ~~Eastern District of Pennsylvania~~ is responsible for the interpretation and enforcement of this Order. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to Documents that become part of the public record. ~~The Court retains and has continuing jurisdiction over the Parties and recipients of the Confidential Materials for enforcement of this Order following termination of this litigation.~~

  H. <u>Personally Identifying Information</u>.

A producing party shall make best efforts to redact Personal Identifiers, as

defined in Local Civil Rule 5.1.3. If a receiving party becomes aware of a Personal Identifier that was not redacted by the producing party, it shall alert the producing party and provide them with the opportunity to redact the relevant information.

///

**IT IS SO STIPULATED**, through Counsel of Records

Dated: November 11, 2022

Respectfully submitted,

LOMBARD & GELIEBTER LLP

By: /s/Sarah I. Cohen
Sarah I. Cohen (SBN 257161)
230 Park Avenue, 4th Floor West
New York, NY 10169
Telephone: (212) 520-1172
Facsimile: (646) 349-5567
scohen@lgtrademark.com
*Attorney for Defendant BHRS Group, LLC*

Dated: November 16, 2022

Respectfully submitted,
CSREEDER, PC

By: /s/Christopher S. Reeder
Christopher S. Reeder
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Telephone: 310-861-2470
Fax: 310-861-2476
*Attorneys for Plaintiff Brio Water Technology, Inc.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: November 28, 2022

_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of BRIO WATER TECHNOLOGY, INC., v. BHRS GROUP, LLC, Case No. 2:2-cv-01624-RGK-AGR.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

_____

City and State where sworn and signed:

_____

Printed name:

_____

Signature: _____